Wang v. Blanche

BIA
A079 641 464

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

LAN YUN WANG,
> *Petitioner,*

v.                                                    **23-7322**
                                                      **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jason Jia, Esq., Jia Law Group, P.C., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Song Park, Assistant Director; Margot P. Kniffin, Trial Attorney; Alanna T. Duong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lan Yun Wang seeks review of a September 21, 2023, decision of the BIA denying her motion to reopen her removal proceedings. *In re Lan Yun Wang,* No. A079 641 464 (B.I.A. Sept. 21, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We review the denial of a motion to reopen, including the applicability of equitable tolling, "under the familiar abuse of discretion standard, which is highly deferential." *Ramsay v. Bondi*, 171 F.4th 218, 220 (2d Cir. 2026) (quotation marks omitted). There is no dispute that Wang's motion to reopen was untimely because she filed it more than 15 years after her removal order became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (setting 90-day deadline). And she moved to reopen to apply for cancellation of removal, so her motion did not fall into a statutory or regulatory exception to the deadline. *See* 8 U.S.C. § 1229a(c)(7)(C) (listing

2

exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) ("[U]ntimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board and will ordinarily be denied.").

Equitable tolling may excuse the time limitation but requires a movant to show "that some extraordinary circumstance stood in her way." *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (brackets and quotation marks omitted). We find no error in the BIA's conclusion that equitable tolling did not apply in Wang's circumstances. Because Wang did not become potentially eligible for cancellation of removal until years after her removal proceedings concluded, she was not wrongly prevented from applying for this relief in her underlying proceedings or in a timely motion to reopen. Indeed, although *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), clarified that Wang continued to accrue physical presence in the United States after service of her notice to appear because that notice omitted a hearing date, she entered the United States in 2003 and would not have accrued the ten years of presence required for cancellation before her removal order became final in 2005 or before the time to seek reopening expired, *see* 8 U.S.C. § 1229b(b)(1)(A). Because Wang failed to demonstrate extraordinary circumstances as required to

3

warrant equitable tolling, the BIA did not err in denying her motion to reopen as untimely. Accordingly, we need not reach the BIA's alternative determination that she did not establish her prima facie eligibility for cancellation of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (recognizing that untimeliness and failure to establish prima facie eligibility for relief are independent bases for denying motions to reopen).

The only remaining basis for reopening was the BIA's discretionary authority to reopen under 8 C.F.R. § 1003.2(a). We lack jurisdiction to review that decision, *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006), except that we may remand if the BIA "misperceived the legal background" and denied sua sponte reopening based on an erroneous determination that a petitioner was not eligible for the relief sought, *i.e.*, that "reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). The BIA did not decline to reopen sua sponte based on Wang's failure to establish her eligibility for relief; it explained, in accordance with its regulations and precedent, that its discretionary authority to reopen was not a means to avoid enforcement of the time limits on motions and that reopening was not required even if a movant established prima facie

4

eligibility for relief. *See* 8 C.F.R. § 1003.2(a) ("The Board has discretion to deny a motion to reopen even if the moving party has made out a prima facie case for relief."); *In re J-J-*, 21 I. & N. Dec. 976, 984 (B.I.A. 1997) ("The power to reopen on our own motion is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship."). And the BIA did not misperceive the law because becoming potentially eligible for relief from removal years after being ordered removed is not alone an exceptional circumstance. *See Matter of Yauri*, 25 I. & N. Dec. at 104-05, 112 (finding no exceptional circumstances based on a purported intervening change in law).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5